```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

CLINTON W. FINSTAD,

              Plaintiff,

vs.                         Case No.  2:06-cv-664-FtM-29SPC

STATE OF FLORIDA, DEPARTMENT OF
BUSINESS AND PROFESSIONAL
REGULATION; ERIC R. HURST; DENNIS E.
BLAKENSHIP,

              Defendants.
_____

## OPINION AND ORDER

     This matter comes before the Court on defendants' Second Motion to Dismiss Complaint on Mootness (Doc. #23) filed on July 18, 2007.  Plaintiff filed a Response (Doc. #25) on July 30, 2007.

**I.**

The Complaint alleges the following facts:  Plaintiff is a registered surveyor in Florida.  In 2006, the Florida Department of Business and Professional Regulation (DBPR) initiated an administrative complaint against plaintiff as a result of his use of "explanatory notes" such as "Not for Construction" on surveys.  (Doc. #1, ¶4.)  Plaintiff initiated the instant action seeking: (1) a declaration that "explanatory notes" on surveys constitute protected speech under the First Amendment; (2) a declaration that Fla. Admin. Code Ann. r. §§ 61G17-2.001(6)(e)(1) and 61G17-6.0031(1)(a) are unconstitutional; and (3) an injunction preventing defendants from interfering with plaintiff and other similarly

situated individuals' rights to utilize "explanatory notes" on surveys. (Doc. #1, pp. 6-8.)

Defendants' Motion to Dismiss asserts that plaintiff no longer has standing to pursue this case. Specifically, defendants argue that while this case has been pending, the Board of Surveyors has dismissed the DBPR's administrative complaint against plaintiff and the prosecuting attorney has stated that the current regulatory regime allows the use of "explanatory notes." (Doc. #23, p. 4.) Thus defendants assert that there is no longer a case or controversy. Plaintiff counters that he continues to have standing in light of defendant's stated intent to promulgate a regulation barring the use of "explanatory notes" on surveys. (Doc. #25, p. 2.) Furthermore, plaintiff argues that defendants have indicated their intent to pursue sanctions against plaintiff's company. (Id.)

## II.

Mootness and standing are issues of justiciability which are components of a federal court's subject matter jurisdiction analysis. Fla. Pub. Interest Research Group Citizen Lobby, Inc. v. EPA, 386 F.3d 1070, 1082 (11th Cir. 2004)(standing); Troiano v. Supervisor of Elections, 382 F.3d 1276, 1278 n.2 (11th Cir. 2004)(mootness). Motions which raise mootness or the lack of standing attack the court's subject matter jurisdiction, and are therefore considered pursuant to Rule 12(b)(1). Doe v. Pryor, 344

F.3d 1282, 1284 (11th Cir. 2003). Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion. Id. at 924 n.5. The complaint may be dismissed for a facial lack of standing only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Jackson v. Okaloosa County, 21 F.3d 1531, 1536 n.5 (11th Cir. 1994)(citation omitted). When a court considers a Rule 12(b)(1) dismissal of a case on a factual challenge to subject matter jurisdiction (either for lack of standing or mootness), the court may consider facts outside the pleadings such as testimony and affidavits as long as the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action. Morrison, 323 F.3d at 924-25; Goodman, 259 F.3d at 1331 n.6

In order to establish standing, a plaintiff must adequately allege and ultimately prove, three elements: (1) that he or she has suffered an "injury-in-fact;" (2) a causal connection between the asserted injury-in-fact and the challenged conduct of the defendant; and (3) that the injury likely will be redressed by a favorable decision. Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir.

2001)(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  These requirements are the "irreducible minimum" required by the Constitution for a plaintiff to proceed in federal court. Vt. Agency of Natural Res. v. United States *ex rel.* Stevens, 529 U.S. 765, 771 (2000); Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 664 (1993).

In addition, plaintiffs seeking injunctive relief lack standing unless they allege facts giving rise to an inference that they will suffer future discrimination by the defendant.  Shotz, 256 F.3d at 1081.  "[A] party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."  Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994); see also Bowen v. First Family Fin. Servs., 233 F.3d 1331, 1340 (11th Cir. 2000).

Mootness can occur due to a change in circumstances or a change in law.  Coral Springs St. Sys. v. City of Sunrise, 371 F.3d 1320 (11th Cir. 2004).  A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party.  Troiano 382 F.3d. at 1281-82; Christian Coalition v. Cole, 355 F.3d 1288 (11th Cir. 2004). Dismissal is not discretionary but "is required because mootness is

jurisdictional. Any decision on the merits would be an impermissible advisory opinion." Troiano, 382 F.3d at 1282 (citing Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)).

### III.

The Court finds that plaintiff lacks standing to pursue this cause of action due to the Board of Surveyors decision to close the administrative complaint, and the representation made by the prosecuting attorney that the current regulatory regime permits the use of "explanatory notes." (Docs. # 23-4; 23-2, pp. 4-5.) Plaintiff's Response (Doc. #25), in effect, asks this Court to rule on a regulation that is being contemplated by the defendants to bar "explanatory notes." (Doc. #25, p. 2.) Such a ruling would be advisory in nature and thus impermissible. See Preiser v. Newkirk, 422 U.S. 395, 401 (1975) ("federal court[s] [lacks] the power to render advisory opinions.")

Plaintiff also asserts that an injunction is necessary to prevent any future violation of his First Amendment rights. (Doc. #1, pp. 6-7.) An injunction is limited to prospective relief. Dombrowski v. Pfister, 380 U.S. 479, 485 (1965). However, as discussed above, there is no possibility of future injury under the current regulatory regime as "explanatory notes" have been found to be permissible. Therefore the entry of an injunction is not warranted.

Accordingly, it is now

**ORDERED:**

1. Defendants' Second Motion to Dismiss Complaint on Mootness (Doc. #23) is **GRANTED.**

2. The Clerk is directed to: (1) enter judgment accordingly; (2) terminate any pending motions; and (3) close the case file.

**DONE AND ORDERED** at Fort Myers, Florida, this  14th  day of November, 2007.

JOHN E. STEELE
United States District Judge


Copies: Counsel of record